TAYLOR, Judge.
The appellant, Milton Vertmoe Lucas III, was convicted of robbery in the first degree in violation of § 13A-8-41, Code of Alabama 1975. He was sentenced pursuant to § 13A-5-9, Code of Alabama 1975, as a habitual offender to life imprisonment without parole.
Before trial, the appellant’s appointed attorney informed the court that the appellant wished to represent himself. The trial judge ascertained that the appellant did in fact wish to represent himself and allowed the appellant to proceed pro se. An extensive colloquy was then conducted by the court to determine if the appellant understood the rights he would be relinquishing by representing himself.
The appellant’s sole contention on appeal is that standby counsel should have been appointed, even though he chose to represent himself. The appellant concedes that there is no constitutional right to standby counsel when a defendant undertakes to represent himself. However, he argues that without standby counsel he could not receive a fair trial, given the length of the possible sentence and the complexity of the case.
The United States Supreme Court held in Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), that the Sixth Amendment of the United States Constitution guarantees that a defendant may represent himself in a criminal proceeding, if he elects to do so voluntarily and intelligently.However, a trial court may appoint standby counsel “to relieve the judge of the need to explain and enforce basic rules of courtroom protocol or to assist the defendant in overcoming routine obstacles that stand in the way of the achievement of his own clearly indicated goals.” McKaskle v. Wiggins, 465 U.S. 168, 104 S.Ct. 944, 79 L.Ed.2d 122 (1984). The court in McKaskle stated:
“A defendant’s right to self representation encompasses certain specific rights to have his voice heard. The pro se defendant must be allowed to control the organization and content of his own defense, to make motions, to argue points of law, to participate in voir dire, to question witnesses, and to address the court and the jury at appropriate points in the trial.”
465 U.S. at 176, 104 S.Ct. at 949. Neither Faretta nor McKaskle requires that standby counsel be appointed. In fact, both Faretta and McKaskle recognized that excessive participation by standby counsel or the appearance that the accused is not conducting his own defense may infringe on the accused’s right to represent himself.
The appellant argues that a form of “hybrid” [1] representation will strike the necessary balance between the accused’s right to represent himself and his right to a fair trial. He argues that standby counsel could assist *334 a defendant upon the defendant’s request by conducting portions of the trial or giving needed advice. He argues that such a system would result in a fairer trial without infringing upon a defendant’s autonomy or the right to self representation. However,
“The constitutional rights to self representation and representation by counsel are viewed as mutually exclusive, though the trial court may permit hybrid representation in its discretion as ‘a matter of grace.’ ”
2 W. LaFave & J. Israel, Criminal Procedure, § 11.5(f) at 51-52 (1984), quoting State v. Melson, 638 S.W.2d 342, 359 (Tenn.1982), cert. denied, 459 U.S. 1137, 103 S.Ct. 770, 74 L.Ed.2d 983 (1983).
A proposal for mandatory standby counsel to assist defendants who choose to represent themselves is found in Comment, Mandatory Advisory Counsel for Pro Se Defendants: Maintaining Fairness in the Criminal Trial, 72 Cal.L.Rev. 697 (1984). However, to date, there is no requirement that standby counsel be appointed to assist a defendant who is representing himself.
Moreover, this court has held that a defendant has no right under the state or federal constitutions, to hybrid representation. Holland v. State, 615 So.2d 1313 (Ala.Cr.App.1993); Christianson v. State, 601 So.2d 512 (Ala.Cr.App.1992); Ford v. State, 515 So.2d 34 (Ala.Cr.App.1986), affd, 515 So.2d 48 (Ala. 1987), cert. denied, 484 U.S. 1079, 108 S.Ct. 1061, 98 L.Ed.2d 1023 (1988). We hold that defendants who waive their right to counsel do not have a constitutional right to standby counsel.
The appellant knowingly and intelligently waived his right to counsel. Therefore, the trial court did not err in failing to appoint standby counsel. The judgment in this case is due to be affirmed.
AFFIRMED.
All the Judges concur.

. Hybrid representation occurs when an accused represents himself and also has the assistance of *334 appointed counsel in an advisory capacity or in conducting certain portions of the trial. See 2 W. LaFave & J. Israel, Criminal Procedure, § 11.5(f) (1984).